IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN LEE FARMER,

                **Plaintiff,**

        v.                                          CASE NO. 13-1188-SAC

**INTERNAL REVENUE SERVICE,**

                **Defendant.**

## O R D E R

This matter is before the court on a complaint filed pro se by a prisoner incarcerated in a Kansas correctional facility. The court granted plaintiff provisional leave to proceed in forma pauperis under 28 U.S.C. § 1915, subject to plaintiff's timely payment of the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1). Plaintiff subsequently paid that assessed fee, and thus proceeds in forma pauperis in this civil action.[1]

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction,

---

[1] Plaintiff is reminded that he is obligated to pay the full $350.00 district court filing fee. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). Payment of the remainder of the district court filing fee is to proceed over time through automatic payments from plaintiff's inmate account, as authorized by 28 U.S.C. § 1915(b)(2).

*Erickson v. Pardus*, 551 U.S. 89 (2007), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Reviewing plaintiff's allegations under these standards, the court finds the complaint is subject to being summarily dismissed.

The sole defendant named in this action is the Internal Revenue Service (IRS). Plaintiff seeks a court order to prevent the IRS from collecting unpaid back taxes, fines, and penalties because plaintiff is indigent and unable to pay said amounts while incarcerated. Plaintiff states only that he wants relief from his 2005 and 2011 taxes, fines, and penalties (identified by plaintiff as $20,531.00 and $2,848.82, respectively), and that he "contacted the IRS and didn't get anywhere." No other facts are provided in the complaint, or in the attached MOTION FOR JUDGMENT OF INDIGENCY in which plaintiff asks for a release of his debt to the IRS and a waiver of all back taxes, fines, and penalties.

Plaintiff essentially seeks injunctive relief that is barred by the Anti-Injunction Act. *See* 26 U.S.C. § 7421(a)(but for specific statutory exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person"). The principle purpose of this Act is to preserve the United States' ability to assess and collect taxes expeditiously with "a minimum of pre-enforcement judicial interference." *Bob Jones*

*University v. Simon*, 416 U.S. 725, 736 (1974).

Plaintiff's sparse complaint fails to provide a factual basis for application of any statutory exception to the Act, and nothing in the complaint suggests that plaintiff could satisfy the narrow judicial exception set forth in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1 (1962), for establishing this court's equity jurisdiction to a suit otherwise barred by the Act.

That narrow exception requires plaintiff to show both that (1) the government cannot ultimately prevail, and (2) the existence of irreparable harm for which there is no legal remedy. *See Wyoming Trucking Ass'n., Inc. v. Bentsen*, 82 F.3d 930, 933 (10th Cir.1996)(*citing Enochs v. William Packing*). Here, plaintiff articulates no identifiable claim on which the government could not prevail under any circumstances, and offers no legally sound basis for demonstrating that he lacks an adequate remedy at law.

Accordingly, pursuant to the Act's clear statutory mandate, this court thus lacks jurisdiction to consider plaintiff's request for injunctive relief barring the collection of his federal taxes, fines, and penalties. Because it plainly appears that allowing plaintiff an opportunity to cure this identified deficiency would be futile, the court finds the complaint should be dismissed. *See* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") *and* 28 U.S.C. § 1915(e)(2)(B)(ii) (a district court "shall dismiss the case at any time if the court determines that ... the action is legally frivolous or... fails to state a claim on which relief may be granted"). Dismissal of the complaint is without prejudice to

plaintiff pursuing any relief that might be available under law regarding his unpaid taxes, fines, and penalties.

IT IS THEREFORE ORDERED that the complaint is dismissed without prejudice, and that plaintiff's motion for appointment of counsel (Doc. 5) is thereby moot.

**IT IS SO ORDERED.**

DATED: This 10th day of July 2013 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge